UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Securities and Exchange Commission,

Plaintiff,

v.

James E. Hengen,

Defendant.

Case No. 18-cv-3135 (WMW/DTS)

**ORDER APPROVING CONSENT JUDGMENT**

This matter is before the Court on Plaintiff U.S. Securities and Exchange Commission's (SEC) motion to approve the parties' proposed consent judgment (Proposed Consent Judgment). (Dkt. 6.) The Proposed Consent Judgment represents a purported agreement between the parties to resolve a dispute regarding allegations that Defendant James E. Hengen committed insider trading in violation of federal law. For the reasons addressed below, the motion is granted and the Proposed Consent Judgment is approved.

## BACKGROUND

The SEC commenced this action against Hengen on November 8, 2018. The SEC's complaint contains two counts alleging violations of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. §§ 78j(b), 78n(e), and federal regulations promulgated thereunder. Specifically, the complaint alleges that Hengen misappropriated material, nonpublic information; he used that information to purchase stock and provided tips to four other individuals who also purchased stock; and, as a result, he and the individuals who received the information realized illicit profits.

On the same day that it filed the complaint against Hengen, the SEC filed the Proposed Consent Judgment. The Proposed Consent Judgment, among other things, permanently enjoins Hengen from violating certain provisions of the Exchange Act and federal regulations promulgated thereunder, orders Hengen to pay disgorgement in the amount of $63,804 plus prejudgment interest thereon in the amount of $3,865, and orders Hengen to pay a civil penalty in the amount of $72,144. The Proposed Consent Judgment also outlines Hengen's obligations with respect to paying these amounts and provides that this Court will retain jurisdiction over this matter for the purpose of enforcement. On December 14, 2018, the SEC moved to approve the Proposed Consent Judgment. Hengen does not oppose the SEC's motion.

**ANALYSIS**

In cases implicating important public interests, the Eighth Circuit has recognized that district courts have a role in approving settlement agreements. *See, e.g.*, *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172-74 (8th Cir. 2012) (reversing district court's rejection of consent decree involving alleged violation of Americans with Disabilities Act); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018-21 (8th Cir. 2002) (affirming approval of consent decree involving environmental cleanup). "Public law settlements are often complicated documents designed to be carried out over a period of years, . . . so any purely out-of-court settlement would suffer the decisive [disadvantage] of not being subject to continuing oversight and interpretation by the court." *Prod. Fabricators*, 666 F.3d at 1173 (omission in original) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of*

*Cleveland*, 478 U.S. 501, 523 n.13 (1986)). The decision whether to approve a consent decree rests within the discretion of the district court. *Id.* at 1172.

Here, the Proposed Consent Judgment implicates significant public interests—namely, defending the integrity of the securities markets, protecting investors by identifying and addressing insider trading, and deterring future misconduct by Hengen and others. In addition, the Proposed Consent Judgment is a complicated document that includes obligations to be fulfilled over an extended period of time. These obligations include the collection of funds from Hengen and the subsequent distribution of those funds. Such obligations may require continuing oversight and interpretation by a court. A district court "is more than a recorder of contracts from whom parties can purchase injunctions," however. *Id.* (internal quotation marks omitted). Accordingly, before entering a consent judgment, this Court must find that the proposed judgment is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law. *See United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85-93 (1st Cir. 1990).

**A. Procedural Fairness**

"To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Cannons*, 899 F.2d at 86; *accord BP Amoco*, 277 F.3d at 1020. The reviewing court should determine whether the government and the settling defendant were "negotiating in good faith and at arm's length" when crafting the proposed consent judgment. *BP Amoco*, 277 F.3d at 1020.

Here, the SEC represents that the Proposed Consent Judgment is procedurally fair because it is the result of settlement negotiations during which Hengen was represented by counsel. The record reflects that Hengen is, in fact, represented by experienced counsel who, among other things, approved and signed the consent document that Hengen executed. Although the Court has not heard affirmatively from Hengen's counsel regarding the details of the process, Hengen has not challenged the SEC's representations regarding that process despite having ample opportunity to do so. Accordingly, the Proposed Consent Judgment is procedurally fair.

**B. Substantive Fairness**

"Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Id.* (quoting *Cannons*, 899 F.2d at 87). When reviewing a consent judgment for substantive fairness, the district court does not examine "whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *Cannons*, 899 F.2d at 84.

Here, if the Court enters the Proposed Consent Judgment, Hengen will be held accountable for his alleged violations of the Exchange Act and enjoined from future violations of these laws. Hengen will pay civil penalties for his alleged violations, together with disgorgement and interest. The disgorgement amount is equal to Hengen's allegedly ill-gotten trading profits, and the civil penalty is equal to the sum of Hengen's illicit profits

and the illicit profits of the individuals to whom he provided tips. On this record, the Proposed Consent Judgment is substantively fair.

**C. Reasonableness**

"A court evaluating a proposed S.E.C. consent decree for fairness and reasonableness should, at a minimum, assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294-95 (2d Cir. 2014) (internal citations omitted); *see also Angela R. ex rel. Hesselbein v. Clinton*, 999 F.2d 320, 325 (8th Cir.1993) (concluding that district court abused its discretion by approving consent decree that did not properly define the enforcement mechanisms). Protection of the public interest is an important, overarching consideration. *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991) (involving a consent decree in the environmental context). Moreover, this Court may defer to the SEC's expertise in determining whether a proposed consent judgment best serves the public interest. *See Citigroup Glob.*, 752 F.3d at 296; *see also United States v. Telluride Co.*, 849 F. Supp. 1400, 1404 (D. Colo. 1994) (explaining that deference to agency judgment is appropriate only when the agency fully partakes in its oversight role). The SEC asserts that the Proposed Consent Judgment is reasonable because the three measures of relief imposed—injunctive relief, disgorgement, and civil penalties—are supported by the allegations in the complaint and consistent with consent judgments entered against defendants accused of similar misconduct.

The basic legality of the Proposed Consent Judgment is supported by the record and the relevant law. Injunctive relief, disgorgement, and interest are appropriate forms of relief obtained in cases such as this. *See, e.g.*, *SEC v. Quan*, 817 F.3d 583, 587 (8th Cir. 2016); *SEC v. Capital Sols. Monthly Income Fund, LP*, 28 F. Supp. 3d 887, 892 (D. Minn. 2014); *SEC v. Lagermeier*, No. 0:01-cv-318 (D. Minn. Feb. 22, 2001). These forms of relief are consistent with the allegations in the complaint. The record demonstrates that the disgorgement amount the SEC seeks to have Hengen pay is a "reasonable approximation" of the ill-gotten gains Hengen obtained as a result of his conduct. *See Capital Sols.*, 28 F. Supp. 3d at 897; *accord SEC v. Cook*, No. 09-3333, 2016 WL 128132, at *4 (D. Minn. Jan. 12, 2016) (concluding that disgorgement, calculated as the amount of money raised minus the amount returned to investors, was an appropriate remedy for violations of securities laws). In addition, for violations involving insider trading, the Exchange Act permits civil penalties in the amount set forth in the Proposed Consent Judgment. *See* 15 U.S.C. § 78u-1. Accordingly, the legality of the Proposed Consent Judgment is appropriate and proportionate and reflects a resolution of the actual claims in the complaint.

To be reasonable, the terms of a consent judgment, including its enforcement mechanism, also must be clear. *See Hesselbein*, 999 F.2d at 325. The enforcement mechanism must clearly define who may bring an enforcement action and the bases and manner for doing so. *Id.* Here, the Proposed Consent Judgment provides, among other things, that this Court will retain jurisdiction over this matter for the purposes of enforcement and that the SEC "may enforce the Court's judgment for disgorgement and

prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment." These terms clearly define who may bring an enforcement action, for what kinds of violations, and in what manner.

Finally, there is no evidence that the Proposed Consent Judgment is tainted by improper collusion or corruption, nor does the Proposed Consent Judgment disserve the public interest. The injunctive and monetary relief outlined in the Proposed Consent Judgment appropriately and adequately serve the public interest. For all the foregoing reasons, the Proposed Consent Judgment is reasonable.

**D. Consistency with Governing Law**

A consent judgment also must be consistent with the overarching principles of the governing law. *See Cannons*, 899 F.2d at 90-93. In cases alleging violations of securities laws, district courts have broad authority to grant appropriate injunctive relief and order the payment of disgorgement, interest, and civil penalties. *See* 15 U.S.C. §§ 78u(d)(1), 78u-1(a)(1)(A); *SEC v. Ridenour*, 913 F.2d 515, 517 (8th Cir. 1990) (stating that disgorgement of ill-gotten profits is appropriate in securities fraud cases); *Capital Sols.*, 28 F. Supp. 3d at 892 ("Courts have broad equitable powers over securities violations, including questions of equitable relief."); *SEC v. Brown*, 643 F. Supp. 2d 1088, 1090 (D. Minn. 2009) (explaining that the Exchange Act permits imposition of civil penalties); *SEC v. O'Hagan*, 901 F. Supp. 1461, 1473 (D. Minn. 1995) (explaining that ordering payment of interest on disgorgement amount prevents a defendant from profiting from securities

violations). Accordingly, the Proposed Consent Judgment is consistent with the laws that govern this dispute.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the motion to approve the parties' Proposed Consent Judgment, (Dkt. 6), is **GRANTED** and the Court retains jurisdiction over this matter as outlined in the Proposed Consent Judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 7, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge